# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OLIVIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0191-MJR |
| | ) | |
| THE VILLAGE OF SANDOVAL, ILLINOIS, RONALD EUGENE RODGERS, JEROME RATTERMANN, MARK COPPLE, GERALD FANGER, JAMES GORE, CORA OEHMKE, and BILL THOMSON, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

On March 16, 2007, Johnson filed this action alleging retaliation and violations of her federal rights under 42 U.S.C. § 1983 (Doc. 2). On September 24, 2007, Johnson filed an amended complaint against the Defendants (Doc. 26). The amended complaint alleges six counts: (1) that the Village of Sandoval violated her rights under Title VII due to sexual harassment she experienced while serving as a police office, (2) that the Village of Sandoval retaliated against her in violation of her rights under Title VII, (3) that the Village of Sandoval violated her First Amendment rights under § 1983, (4) that the Mayor and members of Sandoval's Board of Trustees violated her First Amendment rights under § 1983, (5) that the Village of Sandoval, its Mayor, and the Board of Trustees violated her equal protection rights under § 1983, and (6) that Defendant Rodgers violated her equal protection rights under § 1983. Johnson requests compensatory and punitive damages, as well as injunctive relief.

-1-

On October 17, 2007, all Defendants except Rodgers moved this Court to dismiss or strike portions of these claims (Doc. 29). On November 19, 2007, Johnson submitted a response (Doc. 34). Having reviewed the parties' filings, this Court now **GRANTS IN PART AND DENIES IN PART** the Defendants' motion to dismiss (Doc. 29).

### B. Analysis

**FEDERAL RULES OF CIVIL PROCEDURE 8(a)(2) and 12(b)(6)** govern motions to dismiss for failure to state a claim. To satisfy the notice pleading requirements of Rule 8(a)(2), a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief. In other words, a plaintiff must provide the grounds of his entitlement to relief by saying enough "to raise a right to relief above the speculative level." ***Bell Atlantic Corp v. Twombly*, - U.S. - , 127 S.Ct. 1955, 1965-66 (2007).**

In *Bell Atlantic v. Twombly*, the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from ***Conley v. Gibson*, 355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle her to relief. ***Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).**

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as ***Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006)**, which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the complaint in order to prevail on the merits." No longer does it suffice for a complaint to avoid foreclosing possible basis for relief; the complaint must indicate that the plaintiff *has* a right to relief. ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).**

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim.  ***Jervis v. Mitcheff*, -- F.3d --, 2007 WL 4355433 (Dec. 13, 2007).**  But, labels and conclusions alone will not suffice.  Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests.  ***Killingsworth*, 507 F.3d at 618.**

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-pled allegations as true and draws all favorable inferences in plaintiff's favor.  ***Id.*;** *see also **Erickson v. Pardus*, -- U.S. --, 127 S.Ct. 2197, 2200 (2007).**

### 1.  Motion to Dismiss Johnson's Requests for Punitive Damages in All Counts

First, Defendants move this Court to dismiss Johnson's requests for punitive damages against the Village of Sandoval and the individual Defendants in their official capacities.  Though Johnson's response is not a model of clarity,[1] it appears that Johnson agrees that she cannot recover punitive damages against the Village of Sandoval in Counts 1 and 2.  However, Johnson does not address the viability of her requests for punitive damages against the individual Defendants in their official capacities.

Johnson requests punitive damages in all counts of her complaint.  However, municipalities are immune from punitive damages under Title VII and § 1983.  In the Title VII

---

[1] Additionally, Johnson decries Defendants' motion to dismiss in part because Defendants fail to specifically state what procedural rules provide the basis for their motion.  While Johnson's observation is not without merit, the Court notes to <u>both parties</u> that the failure to provide clear and thorough filings makes it difficult to expeditiously resolve motions.  For instance, Johnson criticizes the grounds for Defendants' attack on Count 5 of the complaint, stating that "Defendants do not tell us what those grounds are, make no argument, and cite to no case law."  It is worth noting that Johnson herself fails to include a single citation to case law in her entire response, which totals a mere three pages.  The admonition about removing the speck from another person's eye while ignoring the plank in one's own comes to mind.

context, **42 U.S.C. § 1981a(b)(1)** specifically provides that

> A complaining party may recover punitive damages under this section against a respondent (**other than a government, government agency or political subdivision**) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

**42 U.S.C. § 1983a(b)(1) (emphasis added).** In the § 1983 context, the United States Supreme Court has specifically held that punitive damages may not be awarded against a municipality. *City of Newport v. Fact Concerts, Inc.*, **453 U.S. 247, 271 (1981).** Consequently, Johnson's request for punitive damages against the Village of Sandoval in Counts 1, 2, 3, and 5 must be dismissed.

Additionally, the Supreme Court has also recognized that suits against a municipal employee in his or her official capacity is really an action against the municipality itself.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, **473 U.S. 159, 165-66 (1985) (internal citations omitted).** Consequently, in a § 1983 action, individuals sued in their official capacity enjoy the same immunity from punitive damages as the municipality. Accordingly, Johnson's requests for punitive damages against Copple, Fanger, Gore, Oehmke, Thomson, and Rattermann in their official capacities in Counts 4 and 5, and against Rodgers in his official capacity in Count 6 must be dismissed. However, Johnson's requests for punitive damages against these individuals in their personal capacity are not dismissed at this time.

Accordingly, the Court **GRANTS** the motion to dismiss Johnson's requests for punitive damages against the Village of Sandoval, and against Copple, Fanger, Gore, Oehmke, Thomson, Rattermann, and Rodgers in their official capacities.

**2. Motion to Dismiss All Claims Against the Individual Defendants in their Official Capacities**

Next, the individual Defendants move to dismiss the claims against them in their official capacities. As the Court noted above, a claim against a municipal employee in his or her official capacity is in actuality a claim against the municipality itself. ***Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)**. As such, Defendants argue that all claims against them in their official capacities are redundant because the Village of Sandoval is also a Defendant in this case. Johnson wholly fails to respond to this argument in her response.

Nonetheless, Defendants' argument is unconvincing under the particular context of this case. Johnson alleges six separate counts in the instant action, each based on a separate legal theory or federal statute. The Village of Sandoval is the only party against whom Counts 1, 2, and 3 are alleged. There are no allegations against the Village of Sandoval in Count 4 or 6. Only Count 5 includes both the Village of Sandoval and the individual Defendants in their official capacities.

Therefore, the level of redundancy alleged by the Defendants does not exist within the individual counts. Accordingly, the Court **DENIES** the motion to dismiss the claims against the Defendants in their official capacities.

**3. Motion to Dismiss Johnson's Request for Injunctive Relief in Counts 1 & 2**

Next, Defendants argue that the Court should dismiss Johnson's requests for injunctive relief. In Counts 1 and 2, Johnson requests that the Court "Enjoin the defendant the Village of Sandoval from further violations of Title VII." Because Johnson is apparently no longer employed by the Village of Sandoval, Defendants argue that the injunctive relief she requests is

unavailable as there is no realistic threat of a further violation. In other words, Johnson has no personal stake in obtaining the injunction she seeks. Therefore, Defendants argue that Johnson has no standing to seek injunctive relief.

In response, Johnson simply points to 42 U.S.C. § 2000e-5(g), which authorizes the Court to order an injunction in a Title VII action. According to Johnson, general principles of law therefore do not apply to injunctions requested under Title VII.

Johnson misses the point. Section 2000e-5(g) merely allows the Court to order an injunction in the context of Title VII. It does not require the Court to close its eyes to the general requirements for establishing one's right to injunctive relief. More specifically, § 2000e-5(g) does not permit the Court to order an injunction where a plaintiff lacks standing or fails to present a case or controversy regarding injunctive relief. These principles are vital to the federal legal system and apply irrespective of which statute a plaintiff brings suit under.

As Defendants point out, a plaintiff has no standing for injunctive relief where he only alleges a past injury and where there is no realistic threat of future injury. **Perry v. Sheahan, 222 F.3d 309, 313 (7th Cir. 2000)**. Moreover, "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" **City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974))**.

Here, Johnson alleges no ongoing threat to herself that would permit injunctive relief because she no longer works for the Village of Sandoval. For the same reason, there is no future threat of sexual harassment to Johnson. As such, the injunctive relief requested in this case would not redress her injury. It also bears noting that it would be extremely difficult for the Court to monitor Defendants' compliance were the Court to enjoin Defendants from future Title VII

violations.

For these reasons, the Court **GRANTS** the motion to dismiss Johnson's requests for injunctive relief in Counts 1 and 2.

**4. Motion to Dismiss Johnson's First Amendment Claims in Counts 3 & 4**

Next, Defendants move this Court to dismiss Johnson's § 1983 claims in Counts 3 and 4 on the basis that Johnson has not stated enough facts to establish that her speech was within the First Amendment's protection. Specifically, Defendants argue that Johnson cannot show that she was speaking as a citizen, rather than as a public employee.

As noted above, however, specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim. ***Jervis v. Mitcheff*, -- F.3d --, 2007 WL 4355433 (Dec. 13, 2007).** The complaint must contain enough facts to state a claim that is plausible and must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. ***Killingsworth*, 507 F.3d at 618.** Additionally, the district court must accept all well-pled allegations as true and draw all favorable inferences in plaintiff's favor when resolving a motion under Rule 12(b)(6). ***Id.*;** *see also **Erickson v. Pardus*, - U.S. -, 127 S.Ct. 2197, 2200 (2007).**

Keeping these standards in mind, the Court finds that, at this stage in the litigation, Johnson's complaint states a claim upon which relief can be granted. "The First Amendment protects a public employee's right to speak as a citizen about matters of public concern under certain circumstances." ***Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 508 (7th Cir. 2007) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 416-17 (2006)).** A public employee can establish that his or her speech is protected if

> (1) the employee spoke as a citizen on matters of public concern, and
> (2) the interest of the employee as a citizen in commenting upon matters of public concern outweighs the interest of the State as an

> employer in promoting the efficiency of the public services it performs through its employees.

***Id.* at 509 (citing *Schad v. Jones*, 415 F.3d 671, 674 (7th Cir. 2005)).**

In determining whether an employee is speaking as a citizen, the Supreme Court has looked to whether the employee's statements were made "pursuant to their official duties." ***Garcetti*, 126 S.Ct. at 1959-60 ("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen").** In other words, statements are not constitutionally protected where they are made as "part of the tasks [a plaintiff] was employed to perform." *Sigsworth*, 487 F.3d at 511. Importantly, the Seventh Circuit stressed:

> *Garcetti* is not a categorical rule that deprives public employee speech of First Amendment protection whenever that employee complains of work-related misconduct. And, even employees who face retaliation for speech connected to a job duty may be entitled to protection under their state whistleblower statutes.

*Id.* at 511.

Here, Johnson has alleged that she reported the misconduct directed towards her to various county and state agencies. Johnson specifically alleges that "it was not and never was a part of plaintiff's job duties or official duties to supervise or oversee [her supervisor's conduct]" (Doc. 26). Accepting these well-pled allegations as true, it is clear that Johnson has sufficiently pled her First Amendment claims.

Moreover, Defendants merely provides various citations to Seventh Circuit cases where the Court ultimately found that certain public employees' statements were not within the ambit of First Amendment protection. Defendants ask this Court to find that the factual circumstances therein are sufficiently similar to Johnson's claims so as to warrant dismissal.

However, a motion to dismiss under Rule 12(b)(6) is not the proper place for the Court to determine such facts. These issues would be better raised at the summary judgment stage where the parties can present evidence about the nature of the reports Johnson made and her specific duties as a public employee.

As such, the Court **DENIES** Defendants's motion to dismiss Counts 3 and 4.

**5. Motion to Dismiss Johnson's Equal Protection Claims in Count 5**

Finally, Defendants move the Court to dismiss Johnson's equal protection claims under § 1983 in Count 5 on the basis that the individual Defendants, who are members of the Village of Sandoval Board of Trustees, enjoy qualified or absolute immunity.

This issue need not detain the Court long, as Defendants again ask the Court to resolve questions of fact with respect to potential qualified or absolute immunity defenses. Specifically, the Court is unable to find that Johnson has failed to state a claim upon which relief can be granted because there is no evidence about how the decision to fire Johnson was made, who made it, in what capacity it was made, or whether the decision was legislative in nature. Again, such issues would be more properly raised in a motion for summary judgment, and not in a motion to dismiss under Rule 12(b)(6).

Consequently, the Court **DENIES** Defendants's motion to dismiss Count 5.

### C. Conclusion

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants's motion to dismiss (Doc. 29).

The Court **GRANTS** the motion to dismiss insofar as the Court **DISMISSES** Johnson's requests for punitive damages against the Village of Sandoval, and against Copple, Fanger, Gore, Oehmke, Thomson, Rattermann, and Rodgers in their official capacities in all counts

and **DISMISSES** Johnson's requests for injunctive relief against the Village of Sandoval in Counts 1 and 2.

The Court **DENIES** the motion to dismiss Johnson's claims against the Defendants in their official capacities, **DENIES** Defendants' motion to dismiss Counts 3 and 4, and **DENIES** Defendants' motion to dismiss Count 5.

Finally, the Court notes that Johnson's Second Amended Complaint contains formatting defects that could make it difficult for Defendants to answer. Johnson has failed to number each paragraph sequentially, and at times repeats various numbers or sequences of numbers within each count. As a result, the Court **ORDERS** Johnson to file a third amended complaint no later than April 15, 2008. The third amended complaint should ONLY be altered insofar as it properly numbers the paragraphs within each count and removes the requests for punitive damages and injunctive relief in accordance with the terms of this Order.

**IT IS SO ORDERED.**

**DATED this 8th day of April 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**